## SCULL v. GODBOLT.

1. When an execution on a judgment has been sued out within a year and a day after its rendition, and returned *nulla bona*, it is not irregular to issue another execution after a lapse of eight years.

APPEAL from a judgment of the Circuit Court of Mobile, quashing an execution.

CAMPBELL, for the appellant, cited 1 Strange, 100; Hardin's Rep. 521.

GAYLE, contra.

GOLDTHWAITE, J.—It appears from the statement in the judgment entry that the appellant recovered judgment against the appellee, at the November term for the year 1833. On the 24th June, 1834, she sued out an execution which was returned *nulla bona*. An alias was sued out the 4th January, 1842, without *scire facias*, and quashed for that omission.

A statute connected with this subject was passed in 1835, [Digest, 621,] and under its influence it is probable this execution was quashed. Its fourth section recites, that doubts had arisen whether a *scire facias* will lie on a judgment when execution has not issued within the year and day, for remedy whereof it was enacted, that on all judgments of record, when execution has not been issued within a year and a day, it shall be lawful for the plaintiff in any such judgment to have *scire facias* against the defendant, commanding him to appear at a regular term of the Court in which such judgment is of record, and show cause, if any he or she have, why the plaintiff shall not have execution of his or her judgment.

A previous section of the same act declares that when an execution has once issued, within a year and a day, and is returned without being fully satisfied, it shall be lawful for the plaintiff at any time thereafter, to issue another execution with-

out suing out a *scire facias*, or other process to revive it. The act also declares that no judgment shall be presumed to be satisfied when execution has issued within a year and a day, without payment or satisfaction entered of record, unless no other execution shall have been issued for the space of ten years.

It is not important to consider whether this statute is retrospective or otherwise, because if it has a retroactive effect, this case is clearly within its terms, and if it is not, it is certain that according to the course of practice, the execution was regularly issued.

When the plaintiff does not sue out an execution within a year and a day, he cannot afterwards do so without *scire facias;* and the reason is, that his delay induces a presumption that some good cause exists why he should not proceed; but no such presumption arises when within that time he has sued out his execution and it has proved ineffectual from any cause whatever, but the more especially when it is returned *nulla bona.*

Here all presumption of payment is rebutted, and the true reason for delay may be the ascertained inability of the defendant to satisfy the debt.

The practice in the Court of King's Bench is, for the plaintiff to continue his execution on the roll; but these continuances are entirely formal, and may be entered after the issuance of the second execution. [Tidd's Practice; 1 Strange, 100; Craig v. Johnson, Hardin, 520.]

The judgment of the Circuit Court quashing the execution must be reversed.